UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-40772
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee/Cross-Appellant,

versus

POLLA DENICE THOMAS,

Defendant-Appellant/Cross-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(6:95-CR-52-1)
_____

February 15, 1999

Before KING, Chief Judge, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

Polla Denise Thomas appeals her convictions for three counts of possession of a controlled substance with intent to distribute.

A.

Following Thomas' conviction at her first trial, the district court ordered a new trial because of an improper prosecutorial argument. Thomas contends that she is entitled to a third trial because counsel at her second trial was ineffective for failing to call her husband, Melvin Thomas, as a witness or to offer his testimony from her first trial pursuant to FED. R. EVID. 804.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

At the first trial, Melvin Thomas testified that he was a drug dealer, but that his wife was not aware of his illegal activities. He asserted that his wife was innocent; and that the drugs found in her suitcase had been placed there without her knowledge by one of his co-conspirators. Polla Thomas had different counsel at her second trial.

We can address this direct appeal ineffective assistance of counsel contention, because the issue was the subject of a hearing in district court, initiated by Thomas' new counsel appointed after trial but before sentencing; and the parties agree that the record is adequate for our resolution of this issue. *See* **United States v. Haese**, 162 F.3d 359, 363 (5th Cir. 1998).

Having reviewed the records of both trials and the briefs of the parties, we reject Thomas' ineffective assistance of counsel contention. A reasonable attorney either could have concluded that the purportedly exculpatory testimony at the first trial was, when viewed as a whole, so implausible that it weakened Thomas' explanations of her innocence, or could have doubted the veracity of the exculpatory testimony. *See* **Nix v. Whiteside**, 475 U.S. 157, 166-69 (1986); *see also* **Bridge v. Lynaugh**, 838 F.2d 770, 773 (5th Cir. 1988).

Because Thomas did not call either her trial counsel or her husband to testify at the hearing on her allegations of ineffective assistance of counsel, she has failed to establish facts showing that counsel's failure to offer her husband's evidence rendered her second trial fundamentally unfair. **Strickland v. Washington**, 466 U.S. 668,

689 (1984); *see also* **United States v. Guerra**, 628 F.2d 410, 413 (5th Cir. 1980), *cert. denied*, 450 U.S. 934 (1981).

## B.

The Government contends on cross-appeal that the district court abused its discretion by departing downward at sentencing based on Thomas' allegedly aberrant conduct, lack of prior criminal record, two minor children, and education and employment history. The record does not support the district court's determination that Thomas' offense constituted aberrant behavior; therefore, that determination was an abuse of discretion. *See* **United States v. Williams**, 974 F.2d 25, 26-27 (5th Cir. 1992), *cert. denied*, 507 U.S. 934 (1993). Because Thomas' sentence was calculated under Criminal History Category I of the Sentencing Guidelines, the district court erred by departing downward based on her lack of prior criminal history. *See* U.S.S.G. § 4A1.3. The record contains no evidence of any exceptional circumstances that would support a downward departure based on Thomas' family circumstances and educational and employment history. **United States v. Winters**, 105 F.3d 200, 205 (5th Cir. 1997).

For the foregoing reasons, we **AFFIRM** Thomas' convictions, **VACATE** her sentence, and **REMAND** for re-sentencing.

*AFFIRMED in part; VACATED and REMANDED in part*